# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHEENA ROBINSON, individually and as the Administratrix of the Estate of Rodney Keith Robinson, II, )<br>)<br>)<br>) | |
| Plaintiff, )<br>) | |
| v. ) | C.A. No. 23-308-JLH |
| )<br>PATROLMAN DYLAN EBKE, INDIVIDUALLY, and TOWN OF DEWEY BEACH, )<br>)<br>)<br>) | |
| Defendants. ) | |
| SHEENA ROBINSON, individually and as the Administratrix of the Estate of Rodney Keith Robinson, II, )<br>)<br>)<br>) | |
| Plaintiff, )<br>) | |
| v. ) | C.A. No. 24-347-JLH |
| )<br>OFFICER JOHN RHODES, individually, TOWN OF DEWEY BEACH, JOHN DOE #1, JOHN DOE #2, and 2009 LLC d/b/a THE STARBOARD )<br>)<br>)<br>)<br>) | |
| Defendants. ) | |

**ORDER**

At Wilmington, this 3rd day of September 2025,

WHEREAS, Magistrate Judge Fallon issued a Report and Recommendation on June 2, 2025 (No. 23-308, D.I. 42; No. 24-347, D.I. 36), recommending that the Court GRANT the Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) of Defendants John Doe #1, John Doe #2, and 2009 LLC d/b/a The Starboard (together, the "Starboard Defendants") (No. 24-347-JLH, D.I. 25);

WHEREAS, on June 16, 2025, Plaintiff filed objections to the Magistrate Judge's recommendation that the Court grant the Starboard Defendants' Motion to Dismiss (No. 23-308, D.I. 46; No. 24-347, D.I. 38);

WHEREAS, on June 30, 2025, the Starboard Defendants filed a response (No. 23-308, D.I. 52);

WHEREAS, Plaintiff's objections violate this Court's standing order by failing to include a written statement certifying the objections do not raise new arguments, and the objections will be overruled for that reason;[1]

WHEREAS, the Court has nevertheless reviewed the Report and Recommendation *de novo*, *see* 28 U.S.C. § 636(b)(1);

WHEREAS, the Starboard Defendants comprise a private business and its employees;

WHEREAS, Plaintiff has cited no authority (from Delaware or elsewhere) standing for the proposition that a private business or its employees can be held liable in tort for a plaintiff's injuries received at the hands of the police, where the private business's only role in the situation was telling the police that the plaintiff had a concealed weapon on the premises;

WHEREAS, the absence of legal authority supporting Plaintiff's tort claims against the Starboard Defendants is not surprising because, under the *Noerr-Pennington* doctrine, a legitimate petition to the police is constitutionally protected (i.e., privileged) conduct, *see, e.g.*, *Venetian*

---

[1] Standing Order for Objections Filed under Fed. R. Civ. P. 72 (D. Del. Mar. 7, 2022) (available on the Court's website) ("Any party filing objections with a District Judge to a Magistrate Judge's order, ruling or recommended disposition **must** include, along with the objections, a written statement either certifying that the objections do not raise new legal/factual arguments, or identifies the new arguments and describes the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge." (emphasis in original)); *see also Barry v. Stryker Corp.*, No. 20-1787, 2023 WL 3224498, at *1 (D. Del. May 3, 2023) ("This is not some arcane requirement. It is a practical one, designed to make referrals to magistrate judges as efficient as the referral system can be.").

*Casino Resort, L.L.C. v. N.L.R.B.*, 793 F.3d 85, 92 (D.C. Cir. 2015); *cf. Nrecaj v. Yono*, 434 N.W.2d 210, 211 (1988), and there is no allegation that the Starboard Defendants' reports to the police were false, much less any suggestion that the reports were shams, *see Venetian Casino* 793 F.3d at 92;

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's objections (No. 23-308, D.I. 46; No. 24-347, D.I. 38) are OVERRULED, the Report and Recommendation (No. 23-308, D.I. 42; No. 24-347, D.I. 36) is ADOPTED, and the Starboard Defendants' Motion to Dismiss (No. 24-347-JLH, D.I. 25) is GRANTED.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE